UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FLO ANN RICHMOND | CIVIL ACTION |
| VERSUS | NO. 07-5086 |
| HORACE MANN INSURANCE COMPANY | SECTION "B"(2) |

## ORDER AND REASONS

Before the Court is Plaintiff Flo Ann Richmond's Motion for New Trial, (Rec. Doc. 40), and Defendant's Opposition. (Rec. Doc. 43). After review of the arguments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion for New Trial is **DENIED.**

## BACKGROUND

This is a Hurricane Katrina case involving a residential property insured by Horace Mann Insurance Company. (Rec. Doc. 1). A jury trial was held on this matter on January 20, 2009, and January 21, 2009, which resulted in the jury returning a verdict in favor of plaintiff in the amount of $14,000.00 for damage to her home and related structures, and $0.00 for contents. (Rec. Doc. 32-3). Subsequently, plaintiff filed the instant Motion for New Trial.

## LAW AND ANALYSIS

Rule 59 of the Federal Rules of Civil Procedure permits a district court to grant a new trial on all or some of the issues after a jury trial, for any reason for which a rehearing has

heretofore been granted in a suit in equity in federal court. In considering Rule 59 motions, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Del Rio Distributing, Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)(quoting 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2803, at 31-33 (3d ed. 1973)). Furthermore, the Fifth Circuit has held that a motion for new trial "must clearly establish a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see also First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans*, 896 F. Supp. 634, 635 (E.D. La. 1995). The arguments presented do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of a new trial.

Plaintiff contends that her trial was unfair, and that prejudicial error was committed by the Court. She notes that this Court repeatedly asked questions of the various witnesses in the presence of the jury, which "in plaintiff's view, crossed the line from simply being an attempt to clarify certain testimony to an appearance of favoring the defense." (Rec. Doc. 40-3). Plaintiff emphasizes that this was especially true where this Court interrupted Plaintiff's counsel "after only a few minutes and proceeded to cross-examine Plaintiff to the point that she broke

2

down in tears, which then required this Court to adjourn the trial for a recess." (Rec. Doc. 40-3).

Defendant argues that Plaintiff's contention that the Court's questioning of her claims was "unfair" is unfounded, noting that Plaintiff failed to identify any improper questions by this Court that may have created bias or prejudice. (Rec. Doc. 43). Defendant cites Rule 614(b) of the Federal Rules of Evidence, which provides that "[t]he court may interrogate witnesses, whether called by itself or by a party." Defendant notes that the "overwhelming weight of photographic and testimonial evidence in this case supported the jury's award, regardless of any perceived unfairness by the Plaintiff." (Rec. Doc. 43).

Plaintiff correctly articulates that "a federal judge in a jury trial should not lose his or her color of neutrality or accentuate the case of one of the parties and should avoid affecting the jury by appearing to favor one side or the other." (Rec. Doc. 40). However, merely asserting that some questions "in plaintiff's view, crossed the line from simply being an attempt to clarify certain testimony to an appearance of favoring the defense," (Rec. Doc. 40), is not sufficient to give this Plaintiff a right to a new trial. There was no attempt to or perception of favoring either side.

The court in *United States v. Lankford*, 196 F.3d 563 (5th Cir. 1999), held that the fact that the court interrupted one party's

witnesses more than another's was not sufficient grounds to establish that there was prejudice or an unfair trial. *Id*. at 573. Similarly, in *McMillan v. Castro*, 405 F.3d 405 (6th Cir. 2005), the court held that the district court did not err in denying a motion for new trial when the court extensively questioned the plaintiff, and used a tone that "bordered on condescending," since the questioning did not rise to a level of demonstrating hostility or bias. *Id.* at 409-12. Thus, in the instant case, the fact that the Court's questioning was followed by Plaintiff's crying is not sufficient grounds to establish prejudice. It was not the Court's tone or manner of questioning that caused her to cry. Clarifying questions, sometimes difficult ones, can result, as here, in tearful responses. That alone does not constitute bias and nothing here exists to indicate such.

## CONCLUSION

Based on foregoing, the Plaintiff has not shown grounds for a new trial under Rule 59 of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Motion for New Trial is **DENIED.**

New Orleans, Louisiana, this 17th day of July, 2009.

                                  IVAN L.R. LEMELLE
                                  UNITED STATES DISTRICT JUDGE